IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELANIE HUGHES,

    Appellant,

   v.

CLAYEO C. ARNOLD and CLAYEO C. ARNOLD, PROFESSIONAL LAW CORPORATION,

    Appellees.
_____/

No. 2:08-00490 JAM

<u>Order Denying Motion for Stay Pending Appeal</u>

The matter is before the Court on a bankruptcy appeal. Melanie Hughes ("Appellant") has filed a motion for a stay pending appeal of the bankruptcy court's summary judgment order. Clayeo C. Arnold and Clayeo C. Arnold, Professional Law Corporation ("Appellees") oppose the motion. For the reasons set forth below, the Court DENIES the motion.[1]

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

I. PROCEDURAL BACKGROUND

On or about March 14, 2005, Appellant filed a petition for relief under Chapter 7 of the Bankruptcy Code, thereby commencing the underlying bankruptcy case.[2]  On June 14, 2005, Appellees filed a complaint to determine dischargeability of debts and for denial of discharge, thereby commencing an adversary action requesting that certain debts owed to Appellees be adjudicated as non-dischargeable, including a state court judgment awarding attorney's fees and costs ("attorney's fees" award) to Appellees following a jury verdict in their favor in a sexual harassment action brought by Appellant.[3]

On May 22, 2007, the parties filed cross-motions for summary judgment.  On August 24, 2007, Appellees' summary judgment motion was granted to the extent it sought a determination that the attorney's fee award was non-dischargeable ("Partial Summary Judgment Order").  On September 4, 2007, Appellant filed a notice of appeal of the Partial Summary Judgment Order and a statement of election to have the

---

[2] The material facts relevant to this motion are taken from the record below.

[3] Appellees' first two causes of action in their complaint seek a determination that the attorney's fee award is non-dischargeable under 11 U.S.C. § 523(a)(6) as a willful and malicious injury.  Appellees' third and fourth causes of action seek to deny Appellant's discharge, pursuant to 11 U.S.C. § 727(a), for failure to keep adequate records and for concealing property with the intent to hinder, delay, or defraud creditors.

appeal heard by the district court.  The district court subsequently granted Appellees' motion to dismiss the appeal on the ground that the Partial Summary Judgment Order was not a final judgment because it adjudicated fewer than all the claims in the adversary proceeding.

In the meantime, on October 3, 2007, Appellees filed two motions in the adversary proceeding: (1) a motion seeking a determination of the amount owed by Appellant on the non-dischargeable attorney's fee award; and (2) a motion for relief from the automatic stay.  On February 19, 2008, the bankruptcy court issued an order determining that the amount owed on the attorney's fee award to be $122,702.37 ("Order Determining Amounts").  On March 3, 2008, the bankruptcy court entered an order certifying the Partial Summary Judgment Order as a final order, as supplemented by the Order Determining the Amounts pursuant to Rule 54(b).  Upon entry of the final appealable judgment, the bankruptcy court lifted the automatic stay precluding execution on the non-dischargeable attorney's fee award.  Appellant then filed a notice of appeal.  On March 24, 2008, the bankruptcy court denied Appellant's motion to stay proceedings pending appeal.  Appellant now seeks an order from this Court staying the proceedings pending appeal of the bankruptcy court's Partial Summary Judgment Order.

///

II. OPINION

"The standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). "An appellant seeking a discretionary stay pending appeal under Bankruptcy Rule 8005 must prove: (1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest." In re Irwin, 338 B.R. 839, 843 (E.D. Cal. 2006) (internal quotation marks omitted). "The party moving for a stay has the burden on each of these elements." Id. (internal quotation marks omitted). The movant's failure to establish even one of the elements dooms the motion. Id.

"A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . must ordinarily be presented to the bankruptcy judge in the first instance." Fed. R. Bankr.P 8005. "When a bankruptcy court has ruled on the issue of a stay of its order pending appeal, the district court, sitting as an appellate court, reviews that decision for abuse of discretion." In re Irwin, 338 B.R. at 844 (internal quotation marks omitted); Matter of Universal Life Church, Inc., 191 B.R. 433, 444 (E.D. Cal. 1995). Discretion is only abused when the judicial action is arbitrary, fanciful, or unreasonable; or put another way,

4

discretion is abused only where no reasonable person would take the view adopted by the trial court.  In re Irwin, 338 B.R. at 844.  It is well-established that "on appeal to the district court from bankruptcy court, issues of law are reviewed de novo while the district court is constrained to accept the bankruptcy court's findings of facts unless they are clearly erroneous."  Id.

In the present case, the Court finds that Appellant has failed to sustain her burden to establish that a stay pending appeal is warranted.  Specifically, Appellant did not offer any facts demonstrating that she will suffer irreparable harm absent a stay.  While Appellant maintains that she would suffer irreparable harm if Appellees begin to collect on their debt, she provides no support for this assertion.  As such, the Court finds that Appellant has failed to establish that she will suffer irreparable harm if a stay is not issued at this time.[4]  Accordingly, Appellant's motion to stay pending appeal is DENIED.

///

---

[4] Because Appellant had failed to demonstrate irreparable harm, the Court need not reach the remaining elements a movant must prove in order to warrant a stay pending appeal.

III. ORDER

For the reasons set forth above, the court DENIES Appellant's motion.

IT IS SO ORDERED.

Dated: May 21, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE