IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELANIE HUGHES,

       Appellant,

   v.

CLAYEO C. ARNOLD and CLAYEO C. ARNOLD, PROFESSIONAL LAW CORPORATION,

       Appellees.
_____/

No. 2:08-CV-00490 JAM

ORDER DENYING APPEAL AND AFFIRMING BANKRUPTCY COURT'S PARTIAL SUMMARY JUDGMENT ORDER

Appellant/Debtor Melanie Hughes ("Appellant") appeals the bankruptcy court's granting of partial summary judgment in favor of Appellees/Creditors Clayeo C. Arnold and Clayeo C. Arnold, Professional Law Corporation (collectively "Appellees").  The bankruptcy court ruled that a state court judgment awarding attorney's fees and costs in favor of Appellees and against Appellant was nondischargeable debt under 11 U.S.C. § 523(a)(6). For the reasons set forth below, the bankruptcy court's decision is AFFIRMED.[1]

## I. PROCEDURAL BACKGROUND

On or about March 14, 2005, Appellant filed a petition for relief under Chapter 7 of the Bankruptcy Code, thereby commencing the underlying bankruptcy case.  On June 14, 2005, Appellees filed a complaint to determine dischargeability of debts and for denial of discharge, thereby commencing an adversary action requesting that certain debts owed to Appellees be adjudicated as nondischargeable, including a state court judgment awarding attorney's fees and costs ("attorney's fees"

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. L.R. 78-230(h).

award) to Appellees following a jury verdict in their favor in a sexual harassment action brought by Appellant.[2]

On May 22, 2007, the parties filed cross-motions for summary judgment.  On August 24, 2007, Appellees' summary judgment motion was granted to the extent it sought a determination that the attorney's fee award was nondischargeable debt under § 523(a)(6) ("Partial Summary Judgment Order").  On September 4, 2007, Appellant filed a notice of appeal of the Partial Summary Judgment Order and a statement of election to have the appeal heard by the district court.  The district court subsequently granted Appellees' motion to dismiss the appeal on the ground that the Partial Summary Judgment Order was not a final judgment because it adjudicated fewer than all the claims in the adversary proceeding.

In the meantime, on October 3, 2007, Appellees filed two motions in the adversary proceeding: (1) a motion seeking a determination of the amount owed by Appellant on the nondischargeable attorney's fee award; and (2) a motion for relief from the automatic stay.  On February 19, 2008, the

---

[2] Appellees' first two causes of action in their complaint seek a determination that the attorney's fee award is nondischargeable debt under § 523(a)(6) as a willful and malicious injury.  Appellees' third and fourth causes of action seek to deny Appellant's discharge, pursuant to 11 U.S.C. § 727(a), for failure to keep adequate records and for concealing property with the intent to hinder, delay, or defraud creditors.

bankruptcy court issued an order determining that the amount owed on the attorney's fee award to be $122,702.37 to Clayeo C. Arnold and $190,237.01 to Clayeo Arnold, Professional Law Corporation ("Order Determining Amounts").  On March 3, 2008, the bankruptcy court entered an order certifying the Partial Summary Judgment Order as a final order, as supplemented by the Order Determining the Amounts, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[3]  Upon entry of the final appealable judgment, the bankruptcy court lifted the automatic stay precluding execution on the nondischargeable attorney's fee award.  Appellant then filed a notice of appeal.  On March 24, 2008, the bankruptcy court denied Appellant's motion to stay proceedings pending appeal.  Appellant then sought an order from this Court staying the proceedings pending appeal.  On May 14, 2008, Appellant filed her opening brief with this Court.  On May 22, 2008, this Court denied Appellant's motion to stay

---

[3] Rule 54(b) provides in relevant part:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed.R.Civ.P. § 54(b).

proceedings pending appeal.  On May 29, 2008, Appellees filed their opening brief.

II. OPINION

A.   Standard of Review

An appellant may petition the district court for review of a bankruptcy court's decision.  Fed.R.Bankr.P. 8013.  A district court has jurisdiction to review a bankruptcy court's decision pursuant to 28 U.S.C. § 158(a).  A district court's standard of review over a bankruptcy court's decision is the same as that used by an appellate court over a district court's decision.  Towers v. Boyd (In re Boyd), 243 B.R. 756, 759 (N.D. Cal. 2000).  Whether a particular type of debt is nondischargeable presents mixed issues of law and fact and is reviewed *de novo*.  Carrillo v. Sue (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002).  Legal conclusions are reviewed on a *de novo* basis, and factual determinations are assessed pursuant to a "clearly erroneous" standard.  Murray v. Brammer (In re Bammer), 131 F.3d 788, 792 (9th Cir. 1997) (en banc).

B.   Analysis

This appeal presents two issues.  The first question is whether the attorney's fees award is nondischargeable debt under § 523(a)(6).  The second question is whether the bankruptcy court properly relied on the state court's factual findings in determining that the attorney's fees award is nondischargeable

debt under § 523(a)(6).  These questions are addressed individually below.

    1.   <u>Nondischargeable Debt Under § 523(a)(6)</u>

As to whether the attorney's fees award is nondischargeable debt under § 523(a)(6), the question is whether the debt arising from the state court judgment falls within the ambit of § 523(a)(6).  As to be expected, the parties advance opposing positions.  Appellant contends that the attorney's fees award is dischargeable debt under § 523(a)(6) because the state court judgment was not based upon an intentional tort.  Appellees, on the other hand, contend that the attorney's fee award is nondischargeable debt under § 523(a)(6) because Appellant initiated and prosecuted the state court action with the intent to injure, and therefore the attorney's fees award arose out of "willful and malicious injury" within the meaning of § 523(a)(6).

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  "In order to qualify for the § 523(a)(6) 'willful and malicious' exception to discharge . . . the debtor must have acted with either the desire to injure or a belief that injury was substantially certain to occur." <u>Ditto v. McCurdy</u>, 510 F.3d 1070, 1078 (9th Cir. 2007).  The "willfulness" and "maliciousness" prongs of § 523(a)(6) are

analyzed separately.  In re Su, 290 F.3d at 1146.  A creditor must demonstrate nondischargeability by a preponderance of the evidence.  Jett v. Sicroff (In re Sicroff), 401 F.3d 1101, 1106 (9th Cir. 2005).

An injury is "willful" under § 523(a)(6) if the debtor intends the consequences of his action.  Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998).  The word "willful" indicates "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury."  Id. (emphasis in original).  The willful injury requirement under § 523(a)(6) is met "only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct."  In re Su, 290 F.3d at 1142.  The focus is on the debtor's state of mind at the time the injurious action is taken: either the debtor must have the subjective intent to cause harm, or have the subjective belief, i.e., actual knowledge, that harm is substantially certain to result.  In re Su, 290 F.3d at 1145-46 ("The subjective standard correctly focuses on the debtor's state of mind and precludes application of § 523(a)(6)'s nondischargeability provision short of the debtor's actual knowledge that harm to the creditor was substantially certain.").  Subjective intent or substantial certainty may be inferred from all of the facts and circumstances established.  Nahman v. Jacks (In re Jacks), 266

B.R. 728, 742 (9th Cir. BAP 2001); see also In re Su, 290 F.3d at 1146 n. 6 ("[T]he bankruptcy court may consider circumstantial evidence that tends to establish what the debtor must have actually known when taking the injury-producing action.").

The malicious prong of § 523(a)(6) is separate and distinct from the willful prong. In re Su, 290 F.3d at 1146. The "maliciousness" prong requires proof of "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001). "[I]t is the wrongful act that must be committed intentionally rather than the injury itself." In re Sicroff, 401 F.3d at 1106.

In the present case, the bankruptcy court found that the state court judgment awarding attorney's fees is nondischargeable debt under § 523(a)(6). In so finding, the bankruptcy court concluded that Appellant's conduct in initiating and prosecuting her sexual harassment claim against Appellees was willful and malicious insofar as her conduct was unreasonable, frivolous, vexatious and in bad faith. In reaching this conclusion, the bankruptcy court relied upon the state court's finding that Appellant brought her sexual harassment claim "in bad faith and with the [Debtor's] declared objective 'to bring Clay [Arnold] down,' " and that she knew

from the outset that "there was no reasonable basis" for this claim. The bankruptcy court further relied upon the state court's finding that Appellant's "claim was so patently groundless from the outset that it has been obvious throughout the litigation that her motivation was a malicious desire to harm Arnold." Appellant maintains that the bankruptcy court erred in reaching this conclusion because nondischargeable debt under § 523(a)(6) is confined to debt arising out of an intentional tort. The Court disagrees. Nondischargeable debt under § 523(a)(6) is not limited to debt arising out of an intentional tort; rather, § 523(a)(6) excepts from discharge any debt for "willful and malicious injury by the debtor." See e.g., In re Jercich, 238 F.3d at 1208-09 (debt owed to employee arising out of state court judgment for unpaid wages was nondischargeable debt under § 523(a)(6) because employer's nonpayment of wages constituted tortious conduct insofar as he both knew that he owed wages to his employee and that his failure to pay those wages would, with substantial certainty, harm his employee); Ball v. A.O. Smith Corp., 451 F.3d 66 (2d Cir. 2006) (debt arising out of sanction award against debtor-attorney in an underlying action was nondischargeable debt under § 523(a)(6) because the conduct giving rise to the sanction award was willful and malicious insofar as the debtor-attorney initiated that action unreasonably and for an improper purpose).

Here, because the conduct giving rise to the attorney's fees award against Appellant was willful and malicious, the attorney's fee award is excepted from discharge under § 523(a)(6).  As the bankruptcy court found, the underlying attorney's fee award rested on the Appellant's bad faith conduct in knowingly initiating and prosecuting a groundless sexual harassment claim against Appellees motivated by the malicious desire to cause harm.  In so finding, the bankruptcy court relied upon the state court's specific factual findings, namely that Appellant violated Government Code § 12965(b), which required a finding that Appellant's sexual harassment claim was unreasonable, frivolous, meritless, vexatious or in bad faith. Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, 91 Cal.App.4th 859, 865-66 (2001); see also Bond v. Pulsar Video Productions, 50 Cal.App.4th 918, 925 (1996) (attorney's fees under § 12965(b) can be awarded upon a finding of bad faith).  In this Court's opinion, the state court's factual findings are sufficient to show that Appellant's conduct in initiating and prosecuting her sexual harassment claim constituted tortious conduct, resulting in willful and malicious

//

//

//

injury.[4]  Accordingly, because the debt in this case arose from willful and malicious injury caused by the Appellant's tortious conduct, it is excepted from discharge under § 523(a)(6).  This determination is consistent with the fundamental policy of bankruptcy law to only grant discharges to the honest but unfortunate debtor.  See In re Jercich, 238 F.3d at 1206.

2.   Bankruptcy Court's Reliance on the State Court's Factual Findings

As to whether the bankruptcy court properly relied on the state court's factual findings in determining that the attorney's fee award is nondischargeable debt under § 523(a)(6), the question before the Court is whether the bankruptcy court properly applied the doctrine of collateral estoppel.

Principals of collateral estoppel apply in discharge exception proceedings under § 523(a).  Cal-Micro, Inc. v. Cantrell (In re Cantrell), 329 F.3d 1119, 1123 (9th Cir. 2003); see also Grogan v. Garner, 498 U.S. 279, 284 n. 11 (1991) (a

---

[4] An action for the tort of malicious prosecution lies where a prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice.  Soukup v. Law Offices of Herbert Hafif, 39 Cal.4th 260, 292 (2006).  Here, the record indicates that Appellant commenced the underlying action and it was pursued to a legal termination favorable to Appellees.  The record also indicates that Appellant commenced the underlying action unreasonably for the improper purpose of causing harm.  Accordingly, the Court finds that the record contains sufficient evidence demonstrating that Appellant engaged in tortious conduct.

party may invoke collateral estoppel to preclude relitigation of the elements necessary to meet a § 523(a) exception). "Collateral estoppel is applicable if the facts established by the previous judgment"--in this case, a state court judgment— "meet the requirements of nondischargeability." Wolstein v. Docteroff (In re Docteroff), 133 F.3d 210, 215 (3d Cir. 1997). "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued." Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th Cir. 2001).

In California, "[c]ollateral estoppel precludes relitigation of issues argued and decided in prior proceedings." Lucido v. Superior Court, 51 Cal.3d 335, 341 (1990). Courts will only apply collateral estoppel if the following threshold requirements are met: (1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; (2) this issue must have been actually litigated in the former proceeding; (3) it must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. Id. In addition to these factors courts consider whether the party

against whom the earlier decision is asserted had a "full and fair" opportunity to litigate the issue. Roos v. Red, 130 Cal.App.4th 870, 880 (2005). If all of the threshold requirements are met, the court then must decide whether application of collateral estoppel would "further the policy interests underlying the doctrine." Lucido, 51 Cal.3d at 342-343. "Those policies are (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation. Murphy v. Murphy, 164 Cal.App.4th 376, 404 (2008) (internal quotation marks omitted).

In the present case, Appellant only contends that the first, second and third requirements have not been met. Specifically, Appellant maintains that collateral estoppel does not apply because the issue of whether her conduct in initiating and prosecuting her sexual harassment claim resulted in willful and malicious injury was never actually litigated or necessarily decided by the state court. The Court disagrees. The propriety of Appellant's conduct in pursuing her sexual harassment claim was squarely before the state court on Appellees' motion for attorney's fees under § 12965(b), which required the court to determine whether Appellant's conduct was unreasonable, frivolous, meritless, vexatious or in bad faith. See People v.

Carter, 36 Cal.4th 1215, 1240 (2005) (an issue is actually litigated when it is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined).  Appellant appealed the attorney's fee award, and thus had a "full and fair opportunity" to litigate this issue. As to the policy interests underlying the doctrine of collateral estoppel, the Court finds that the bankruptcy court properly precluded relitigation of the elements necessary to except a debt from discharge under § 523(a)(6).  The application of collateral estoppel under the circumstances furthers the doctrine's underlying fundamental principles by promoting judicial economy, preventing the possibility of inconsistent judgments and avoiding harassment of Appellees with repeated litigation.  Indeed, the very same conduct that was fully assessed by the state court and resulted in a judgment in favor of Appellees is the basis for the debt Appellees sought to except from discharge in the bankruptcy court.  Accordingly, the Court finds that the bankruptcy court properly gave preclusive effect to the state court's factual findings underlying the attorney's fee award.  To the extent Appellant argues that the bankruptcy court erred in determining the amount of debt excepted from discharge under § 523(a)(6) by improperly giving preclusive effect to the state court's factual findings, the Court disagrees.  See Sasson v. Sokoloff (In re Sasson), 424

F.3d 864, 872 (9th Cir. 2005) ("The classic example of the proper use of issue preclusion in discharge proceeding is when the amount of the debt has been determined by the state court and reduced to judgment.").[5]

### III. ORDER

For the reasons set forth above, the bankruptcy court's partial summary judgment order is AFFIRMED.

IT IS SO ORDERED.

Dated: August 11, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[5] Finally, to the extent Appellant argues that the state court did not have jurisdiction to determine the amount of debt excepted from discharge under § 523(a)(6), the Court finds this argument to lack merit. The record reveals that the bankruptcy court, not the state court, made this determination.